CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

DEC 1 7 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| DON W. McKINNEY, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:18CV 51 |
| | ) |
| v. | ) OPINION AND ORDER |
| | ) |
| COMMONWEALTH OF VIRGINIA, | ) By: James P. Jones |
| ET AL., | ) United States District Judge |
| | ) |
| Defendants. | ) |

*Don W. McKinney, Pro Se Plaintiff.*

In this pro se action, the plaintiff seeks to proceed in forma pauperis. Based upon the financial affidavit he has submitted, I will allow his pleading, which I treat as a Complaint under 42 U.S.C. § 1983, to be filed without the payment of the filing fee, pursuant to 28 U.S.C. § 1915(a)(1). However, upon examination of the Complaint and other materials submitted by the plaintiff, I will dismiss the case. I will also give the plaintiff 21 days to object to a proposed Pre-Filing Injunction prohibiting him from proceeding in forma pauperis ("IFP") for a period of four years in any case involving claims previously asserted and dismissed.

I.

In October 1993, McKinney was arrested on a state criminal charge and a probation violation charge and he was detained until February 1994. He eventually

pleaded not guilty by reason of insanity and has been thereafter confined in mental health institutions from time to time. Since then, he has filed numerous pro se actions in this court raising various complaints related to the state criminal case and his confinement. The court's records indicate that since 1993, McKinney has filed at least 38 separate cases. The actions come on a regular basis, usually once or twice a year. In this, his latest action, he complains that he was wrongfully confined following the state criminal case, and he also complaints of a state civil action filed in 2006 involving the sale of land in which he claimed an interest.

McKinney alleges that the Circuit Court of Wise County violated his Sixth Amendment right to a jury trial following his plea of not guilty by reason of insanity by confining him and giving him "bad medication." Compl. 1. The medicine allegedly was administered by the Lee and Wise County PD-1 Behavioral Health Community Services Board from May 24, 2010, until the present.

McKinney further contends that his criminal case should have been heard in Lee County rather than Wise County. He alleges that the Circuit Court of Wise County wrongfully sold his land without his signature. He claims that Angie and John Fleenor are illegally living on his land without paying rent, and he wants them evicted.

Since mailing his original pleading in this case on June 11, 2018, McKinney has submitted several additional pleadings as attachments. In the first, captioned "Re: Land," he complains that he did not sign any papers when his land was auctioned off and bought by Edna Boggs, Daniel McKinney, and Jeannine Chapman in 2006, 2007, and 2008. He wants the Circuit Court of Wise County to return his land to him and repay the purchasers. He contends he is entitled to the land because the land was bequeathed to him in the will of Calloway McKinney, his father.

In the next attachment, styled as a letter to me, he asserts that the land was stolen from him by Boggs, Daniel McKinney, and Chapman. He claims the land was sold without his signature because he was hospitalized at the time following his criminal prosecution. He then writes,

> You cannot sell land cause we did not make it, Jesus Christ made it, and if you say you can sell land then you are making Jesus Christ out of a liar, and he is not! Jesus Christ is the way, the truth and life, nobody comes unto the Father except through Jesus Christ. Amen. Please forgive me Jesus Christ, forgive me, I repent! Praise the Holy Ghost whom resides in me. Now getting back to the land grabbers they were stupid cause I am not giving up my land that Jesus Christ, Calloway McKinney made me the official heir or else have the Federal Court write an Order to give my land back.

Ltr. 1-2. In a post script, he writes, "There is no statute of limitations on land what Jesus Christ made!" Ltr. 2.

He next submitted a Notice to this Court that Plaintiff Wants his Case Expedited or Sped Up. In this pleading, after requesting that his case be expedited, he wrote, "Also, please note: A moped by definition under motor vehicle shall be deemed not a motor vehicle, and my case is real, due to it happened to a real person by the name of Don Wayne McKinney!" Notice 1. On October 22, 2014, he submitted a completed short form Application to Proceed in District Court Without Prepaying Fees or Costs in which he indicated that he receives $740 per month in disability benefits and has only ten cents in his bank account.

Most recently McKinney submitted another pleading styled as a letter to me. In the letter, he requests an injunction to prevent him from returning to the Circuit Court of Wise County or any Community Services Board because of an alleged unspecified conflict. He also asks me to close Wise County Behavioral Health because it is allegedly distributing dangerous synthetic medications.

The only defendants named by him in the present action are the Commonwealth of Virginia, the Circuit Court of Wise County, Virginia, and this court. It is apparent that the plaintiff has failed to state a claim on which relief may be granted and accordingly, his action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

II.

As noted above, McKinney frequently files duplicative, frivolous cases that strain this court's limited resources. While his cases are pending, he usually files multiple attachments and often calls the clerk's office to check on the status of the case. This appears to be the second case brought by McKinney regarding the decade-old land sale. *See* Op., *McKinney v. United States District Court*, No. 2:17CV00018, ECF No. 1. Many of McKinney's prior complaints have asserted that the 1994 state court criminal judgment finding him not guilty by reason of insanity was unconstitutional or otherwise invalid. *See, e.g., McKinney v. Commonwealth of Virginia*, 2:15CV00013; *McKinney v. Commonwealth of Virginia*, 2:12CV00032; *McKinney v. Commonwealth of Virginia*, 7:12CV00166; *McKinney v. Commonwealth of Virginia*, 7:11CV00576; *McKinney v. Commonwealth of Virginia*, 2:10CV00067; *McKinney v. Wise Cty. Cir. Ct.*, 7:07-cv-00004; *McKinney v. Unnamed Respondent*, 7:06-cv-00702; *McKinney v. Kilgore*, 7:05-cv-00450; *McKinney v. Kilgore*, 7:05-cv-00255; *McKinney v. Wise Cty. Cir. Ct.*, 7:01-cv-00181; *McKinney v. Deans*, 7:99-cv-00423. While I am mindful that McKinney is a pro se litigant and suffers from mental illness, I believe a limited pre-filing injunction against McKinney may be necessary to preserve scarce judicial resources.

"[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). "Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts." *Id.* Courts must be particularly cautious in limiting the right of pro se litigants to access the courts. *Id.* The Fourth Circuit has advised,

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818. If I determine that a pre-filing injunction is appropriate, I "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Id.* I must also provide McKinney with notice and an opportunity to be heard before any injunction takes effect. *Id.* at 819.

Applying the *Cromer* factors, McKinney has a history of filing duplicative lawsuits asserting claims that the court has already adjudicated. I find that he has no good faith basis for repeatedly asserting the same claims. Addressing each of his pleadings and the related inquiries consumes the scarce resources of this court's staff. "Every paper filed with the Clerk of this Court, no matter how repetitious or

frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Finally, because McKinney has little income and virtually no assets, I find that alternative measures such as monetary sanctions would be inadequate to deter him from seeking to use the IFP procedure to file future actions.

For these reasons, I believe that it is necessary to enjoin McKinney from proceeding IFP for a period of four years in any action involving claims previously made and dismissed. He will also be required to submit a copy of the pre-filing injunction with any new action submitted in this district. Consistent with due process requirements, McKinney will have 21 days to object to the proposed injunction.

### III.

It is hereby **ORDERED** as follows:

1. The Complaint will be filed without the payment of a filing fee;

2. The Complaint will be DISMISSED by separate order for failure to state a claim; and

3. The plaintiff, Don W. McKinney, shall have 21 days from today's date to object to the proposed Pre-Filing Injunction described above. If

McKinney does not timely object, the court will enter a Pre-Filing Injunction with the terms set forth herein.

ENTER: December 17, 2018

/s/ James P. Jones
United States District Judge